# IN THE COURT OF APPEALS OF IOWA

No. 21-0094
Filed July 21, 2021

**IN THE INTEREST OF J.W.,**
**Minor Child,**

**L.W., Father,**
       Appellant.
_____

       Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

       The father of the minor child appeals the order terminating the father's parental rights. **AFFIRMED.**

       Marshall W. Orsini of Law Offices of Marshall W. Orsini, PLC, Des Moines, for appellant father.

       Thomas J. Miller, Attorney General, and Chandlor Collins, Assistant Attorney General, for appellee State.

       Magdalena Beme Reese of the Juvenile Public Defender's Office, Des Moines, attorney and guardian ad litem for minor child.

       Considered by Bower, C.J., and Vaitheswaran and Ahlers, JJ.

**AHLERS, Judge.**

This case was aptly described below as a case of children raising a child. At the time of the child's birth in 2019, the child's father was fifteen years old and the child's mother was seventeen years old. Plagued by more than just their youth, the parents struggled to adequately care for the child, and eventually their parental rights were terminated as a result. The father appeals. The mother does not.

Juvenile authorities became involved with the family after a domestic violence episode between the parents in the presence of the then four-month-old child. The child was removed from the home and later adjudicated a child in need of assistance. After juvenile authorities became involved, it became apparent that, besides repeated episodes of domestic violence, both parents had substance-abuse issues, the mother had mental-health issues, and both parents were involved in incidents leading to criminal charges against them. After the parents failed to adequately participate in or respond to services, the mother's parental rights were terminated under Iowa Code section 232.116(1)(h) (2020) and the father's parental rights were terminated under Iowa Code section 232.116(1)(b), (e), and (h).

Review of termination-of-parental-rights proceedings under Iowa Code chapter 232 follow a three-step analysis: (1) "determine whether any ground for termination under section 232.116(1) has been established"; (2) determine whether the best-interest-of-the-child framework set forth in section 232.116(2) supports termination of parental rights; and (3) "consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016). We apply a de novo standard of review,

which does not bind us to the juvenile court's findings, but we give weight to them, especially in assessing witness credibility. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The father challenges only the first step of the analysis, asserting the State failed to prove the statutory grounds for termination. Alternatively, he asserts even if the grounds have been established, he should have been given six more months to work toward reunification. *See* Iowa Code §§ 232.117(5) (permitting the court to consider other permanency options under section 232.104 if parental rights are not terminated), 232.104(2)(b) (permitting a permanency option of granting an additional six months for parents to work toward reunification).

As for the father's challenge to the statutory grounds, we note that when, as here, the juvenile court orders termination of parental rights on more than one ground, we need only find support for one ground to affirm. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We choose to rely on section 232.116(1)(h), which permits termination upon showing:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father challenges only the fourth element. After our de novo review, we agree with the juvenile court the child could not be returned to the father's custody.

Besides the fact the father admitted the child could not be returned to his care, we note the father missed many visits offered to him, resulting in him only seeing the child a handful of times over the nine-month period between removal and the termination hearing. All of those visits were supervised, as the father did not progress to the point that unsupervised visits would have been safe. The father claims transportation issues hampered his ability to see the child, but transportation issues do not explain all the periods during which the father essentially disappeared from involvement with the child and contact with service providers. Also, the father's claim of lack of gas money to attend some visits is problematic, as the father's lack of employment and failure to find transportation casts doubt on his ability to provide for the child's needs on a long-term basis. Additionally, due to the COVID-19 pandemic, many visits offered to the father were by videoconference, which would not have involved any travel by the father. He skipped them anyway.

The father's lack of involvement with the child makes returning the child to him even more hazardous because the child has medical issues that demand additional effort by the child's caregiver. There is no indication in the record that the father is up to speed on the child's medical needs or could meet them if the child were placed in his care.

Beyond his lack of involvement with the child, the father also failed to adequately address his substance-abuse issues. He also failed to address the repeated episodes of domestic violence in the home—a problem downplayed by both parents.

After considering all the circumstances, we conclude the child cannot be safely placed in the father's custody. As a result, we also conclude the State established statutory grounds for termination under section 232.116(1)(h).

We also disagree with the father's claim he should have been given six more months to work toward reunification. Before we can grant such a request, we must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). As well-stated by the State in its response on appeal, the father is asking that we "ignore a history that did not show progress for the chance that he can show it moving forward." We decline to ignore that history and find no evidence causing us to believe the father would be substantially better suited to take over the care of the child in six months than he was at the time of the termination hearing. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting a child should not be deprived of permanency in the hope that someday the parent will learn to be a parent and be able to provide a stable home for the child). Additionally, the father's plans were to continue in his relationship with the mother and they would work as a team to care for the child. Given the mother's shortcomings, which led to the termination of her rights, and the violence-laced relationship the parents have, this plan is disquieting and does not persuade us to grant an additional six months to the father.

For the reasons stated, we affirm the juvenile court.

**AFFIRMED.**